IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.                                                    CRIMINAL 05-191 (HL)

JORGE LUIS MATOS-BURGOS,

Defendant

MEMORANDUM ORDER DIRECTED TO OMNIBUS MOTION FOR DISCOVERY AND DISCLOSURE

At the pretrial conference, parties were informed that I would rule on the Omnibus Motion filed on July 6, 2005, Docket No. 16. I will address the requests specifically or globally as I deem appropriate. Rulings directed to the omnibus motion will refer to the corresponding numeration in the motion if applicable.

SECTION A: DISCOVERY: RULE 16, FEDERAL RULES OF CRIMINAL PROCEDURE

The Rule 16 motions are granted but only in strict compliance with the Rule. The motion is otherwise denied. This assumes the United States has given the defendant all Rule 16 material. If any additional Rule 16 material is discovered, the United States is to notify the court how, specifically and not generically, the Rule 16 request has been further complied with.

I. CO-CONSPIRATOR STATEMENT: RULE 801(d)(2)(E), FEDERAL RULES EVIDENCE.

The request for co-conspirator statements is denied. This request does not fall within the purview of Rule 16(a)(1)(A). See United States v. Burns, 15 F.3d 211,

CRIMINAL 05-191 (HL)                                    2

214 n.1 (1st Cir. 1994); <u>In re United States</u>, 834 F.2d 283, 286-87 (2d Cir. 1987); <u>United States v. Orr</u>, 825 F.2d 1537, 1541 (11th Cir. 1987); <u>United States v. Roberts</u>, 811 F.2d 257, 258-59 (4th Cir. 1987); <u>United States v. Bennett</u>, 158 F.R.D. 482, 484 (D. Kan. 1994); <u>United States v. Stroop</u>, 121 F.R.D. 269, 276 (E.D.N.C. 1988).

## II. DOCUMENTS AND TANGIBLE OBJECTS

Granted as covered by Rule 16 and <u>Brady</u>; otherwise denied.

## III. REPORTS OF EXAMINATIONS AND TESTS

Granted as covered by Rule 16 and <u>Brady</u>; otherwise denied.

## IV. SEARCHES, MAIL COVER, PEN REGISTERS, TELEPHONE TOLL RECORDS, VIDEO, TELESCOPIC OR PHYSICAL SURVEILLANCE

Granted as covered by Rule 16; otherwise denied.

## V. WIRETAPPING, EAVESDROPPING AND CONSENSUAL RECORDINGS

Denied except that consensual recordings of defendant falling within Rule 16 discovery will be provided.

## VI. REQUEST FOR DISCLOSURE OF EXCULPATORY EVIDENCE

The request for disclosure is granted as discovered. See <u>United States v. Bagley</u>, 473 U.S. 667, 675 (1985); <u>United States v. Agurs</u>, 427 U.S. 97, 104 (1976); <u>Giglio v. United States</u>, 405 U.S. 150, 154 (1972); <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963); <u>United States v. Sepúlveda</u>, 15 F.3d 1161, 1177-78 (1st Cir. 1993); <u>United States v. Osorio</u>, 929 F.2d 753, 757-58 (1st Cir. 1991); <u>United States v.</u>

CRIMINAL 05-191 (HL)                           3

Pandozzi, 878 F.2d 1526, 1529 (1st Cir. 1989); United States v. Ingraldi, 793 F.2d 408, 411 (1st Cir. 1986).

The United States has an on-going obligation to comply with this discovery order as information is made known to it, except where 3500 material is involved and not overriden by Brady considerations. The United States should have provided this information as applicable by June 25, 2005, according the court's scheduling order.

VII. REQUEST FOR SPECIFIC KYLES AND BRADY INFORMATION

Denied or moot as applicable, except if covered by Brady.

VIII MISCELLANEOUS REQUESTS FOR GOVERNMENT'S WITNESS LIST

The defense has requested a list of the government's witnesses and their addresses. See United States v. Murphy, 480 F.2d 256, 259 (1st Cir. 1973). The request is denied. See United States v. Sclamo, 578 F.2d 888, 890 (1st Cir. 1978); United States v. Panzardi-Alvarez, 646 F. Supp. 1158, 1160 (D.P.R. 1986); cf. United States v. Barrett, 766 F.2d 609, 617 (1st Cir.), cert. denied, 474 U.S. 923 (1985).

SECTIONS B & C: REQUEST FOR EARLY DISCLOSURE OF JENCKS MATERIAL & PRESERVATION OF LAW ENFORCEMENT NOTES AND MEMOS

The United States will transcribe grand jury witness testimonies in preparation for production under 18 U.S.C. § 3500 if applicable. The request to preserve all law enforcement notes is granted and all rough notes and memoranda are to be preserved in the event they are needed as 3500 material, or needed for in

CRIMINAL 05-191 (HL)                          4

camera inspection. See United States v. Houlihan, 92 F.3d 1271, 1288-89 (1st Cir. 1996). The request for early disclosure of Jencks is moot since the court has directed that all Jencks be given one day before trial.

SECTION D: REQUEST FOR NOTICE TO INTRODUCE EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

The United States is to produce all Federal Rule of Evidence 404(b) material as it becomes aware of the same.

SECTION E: MOTION IN LIMINE CONCERNING IMPEACHMENT EVIDENCE

Denied.

SECTION F: RULE 12(b)(4)(B), PREVIOUSLY RULE 12(d)(2), FEDERAL RULES OF CRIMINAL PROCEDURE

The defense requests notice of any evidence that the government intends to produce at trial that may arguably be subject to a motion to suppress, citing as authority Rule 12(d)(2), now 12(b)(4)(B), Federal Rules of Criminal Procedure. At the conference, the United States informed that it had provided all discovery to which the defendant is entitled under Rule 16, Federal Rule of Civil Procedure, including all exculpatory evidence, of which there is allegedly none.

Assuming that the government has complied with the spirit and letter of Rule 16, I will not direct the United States to designate that evidence which the defendants may object to under Rule 12(b)(3)(C). See United States v. De la Cruz-Paulino, 61 F.3d 986, 993 (1st Cir. 1995). This assumes that the government's notice of June 23 complies with the designation requirement of Rule 12(b)(4)(B),

CRIMINAL 05-191 (HL)                      5

Fed. R. Crim. P. Again, all Rule 16 material has arguably been tendered to the defendant. The defendant is thus placed on notice that the United States may use such evidence in its case-in-chief. Cf. United States v. Lanoue, 71 F.3d 966, 971-79 (1st Cir. 1995).

    SO ORDERED

    At San Juan, Puerto Rico, this 12th day of July, 2005.


                                                S/JUSTO ARENAS
                                   Chief United States Magistrate Judge