**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>     Plaintiff,<br><br>v.<br><br>JORGE L. MATOS BURGOS,<br>     Defendant. | Crim. No. 05-191 (HL) |

**ORDER**

Pending before the Court are defendant's Notice of Public Authority Defense under Rule 12.3 of the Federal Rules of Criminal Procedure (**docket no. 20**) and the United States' response (**docket no. 25**) to said motion. *See* Fed.R.Crim.P. 12.3. Also before the Court is the Government's Motion in Limine (**docket no. 26**) to exclude evidence concerning the public authority defense.

Rule 12.3 provides that if a defendant intends to assert a defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency, the defendant must file a copy of the notice which contains the following information: "(A) the law enforcement agency or federal intelligence agency involved; (B) the agency member on whose behalf the defendant claims to have acted; and (C) the time during which the defendant claims to have acted with public authority." *See* Fed.R.Crim.P. 12.3(a)(1)-(2).

In the present motion defendant asserts that the time during which he allegedly acted with public authority spans from February 2004 to August 2004.[1] Defendant also names the agency members on whose behalf he claims to have acted.

---

[1] *See* Fed.R.Crim.P. 12.3 (a)(2)(C) (providing that the notice must contain the time during which the defendant claims to have acted with public authority).

Cr. 05-191 (HL)                                                                                          2

In response, the Government denies that defendant exercised the public authority identified in the defendant's notice, and points out that the indictment charges defendant with conduct beginning October 17, 2005 and concluding February 6, 2004. The Government further asserts that the charged conduct in the indictment preceded defendant's cooperation with the government. Given this chronology of events, it cannot be said that defendant exercised public authority as set forth in his notice. For the same reasons, the Court grants the Government's Motion in Limine (**docket no. 26**) to exclude evidence of the public authority defense.

In defendant's notice, defendant states that he will assert an entrapment defense. The entrapment defense protects 'an otherwise law-abiding citizen who, if left to his own devices, likely would have never run afoul of the law.' *Jacobson v. United States*, 503 U.S. 540, 553-54, 112 S.Ct. 1535 (1992)." *United States v. Capelton*, 350 F.3d 231, 242 (1st Cir.2003). To put forward an entrapment defense, a defendant must make a threshold showing of (1) improper government inducement to commit the crime, and (2) lack of predisposition by the defendant to engage in criminal activity. *Id*. Further, in order to establish the defense of estoppel by entrapment,[2] defendant must establish that (1) a government official told him their conduct was legal; (2) they relied on that representation; (3) the reliance was reasonable under the circumstances; and (4) given that reliance, prosecution for the conduct is unfair. *See United States v. Villafane-Jimenez*, 410 F.3d 74, 81 (1st Cir.2005) (citing *United States v. Smith*, 940 F.2d 710, 715 (1st Cir.1991)).

The Court finds defendant's allegation insufficient to show any government over-involvement or any government-instigating scheme which might successfully

---

[2] Defendant does not specifically state which entrapment defense he will assert. Rather defendant states that he will assert the entrapment defense "in its various forms." *See* docket no. 20.

Cr. 05-191 (HL)  3

support a defense of entrapment or estoppel by entrapment, or otherwise raise a due process defense or support an allegation of prosecutorial overreach.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 1st day of August, 2005.

S/ HECTOR M. LAFFITTE<br>U. S. District Judge